1
2
3
4
5      **UNITED STATES DISTRICT COURT**
6      **DISTRICT OF NEVADA**
7
8  JIMMY DOWNS,                                    2:11-CV-453 JCM (PAL)
9              Plaintiff,
10 v.
11 M. FERRIOLO, et al.,
12
13             Defendants.

14                                    **ORDER**

15     Presently before the court is defendants Michael Ferriolo, the State of Nevada, and the
16 Nevada Taxicab Authority's motion to dismiss. (Doc. #28). Plaintiff Jimmy Downs has responded
17 (doc. #30) and defendants have replied (doc. #32).
18     "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted
19 as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937,
20 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Where a
21 complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the
22 line between possibility and plausibility of entitlement to relief.'" *Id.* (citing *Bell Atlantic*, 550 U.S.
23 at 557). However, where there are well pled factual allegations, the court should assume their
24 veracity and determine if they give rise to relief. *Id.* at 1950.

25 **I. Sovereign Immunity**

26     "The Judicial power of the United States shall not be construed to extend to any suit in law
27 or equity, commenced or prosecuted against one of the United States by Citizens of another State,
28

**James C. Mahan**
**U.S. District Judge**

1  or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI.  This amendment has been
2  interpreted to "prohibit federal courts from hearing suits brought against an unconsenting state . . .
3  by its own citizens, as well as citizens of other states." *Brooks v. Sulphur Springs Valley Elec.*
4  *Coop.*, 951 F.2d 1050, 1053 (9th Cir. 1991).  The Eleventh Amendment also bars suits against state
5  agencies.  *See P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993).
6  Similarly, the Eleventh Amendment prohibits damages actions against state officials sued in their
7  official capacities.  *See Flint v. Dennison*, 488 F.3d 816, 824-25 (9th Cir. 2007).  The policy
8  underlying each of these protections is that the Eleventh Amendment shields a state's treasury from
9  paying money judgments absent the state's consent to suit.  *See Ford Motor Co. v. Department of*
10 *Treasury*, 323 U.S. 459, 464 (1941).

11 Here, plaintiff seeks a money judgment against the State of Nevada, the Nevada Taxicab
12 Authority and Michael Ferriolo, in his official capacity.  Accordingly, the suit is dismissed as to
13 these three defendants pursuant to Nevada's Eleventh Amendment immunity.  *See id.*

14 **II. Qualified Immunity**

15 Plaintiff also brings a § 1983 claim against Michael Ferriolo in his individual capacity.
16 Ferriolo argues that this claim fails as a matter of law because Ferriolo is entitled to qualified
17 immunity.  Qualified immunity requires:  (1) that plaintiff has alleged the violation of a
18 constitutional right and (2) that right was so clearly established that a reasonable officer in Ferriolo's
19 position would have known his conduct was wrong.  *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

20 Plaintiff's complaint alleges constitutional violations in the first cause of action.  The header
21 to that cause of action states "Violations of Constitutional Rights (42 U.S.C. § 1983)."  That cause
22 of action makes clear that plaintiff is alleging that Ferriolo used excessive force and falsely arrested
23 him in violation of the Fourth and Fourteenth Amendments of the U.S. Constitution.

24 Defendants have not provided this court with any cases or argument establishing that the
25 facts, as alleged by plaintiff, do not implicate a "clearly established" right.  Rather, defendants argue
26 only that plaintiff has failed to assert that Ferriolo used unreasonable force.

27
28

**James C. Mahan**
**U.S. District Judge**

- 2 -

1    This court is unpersuaded. Plaintiff's complaint provides the appropriate notice to
2    defendants regarding the contours of plaintiff's claim. Indeed, defendants have stated in their motion
3    and reply that they understand plaintiff's claims to be based on assertions of excessive force.
4    Excessive force implies unreasonable force. Accordingly, this court cannot find, on the record
5    before it at this early stage of the proceedings, that defendant Ferriolo was entitled to qualified
6    immunity from the § 1983 suit.
7    Accordingly,
8    IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, that defendants' motion to
9    dismiss (doc. 28) be, and the same hereby is, GRANTED IN PART AND DENIED IN PART,
10   consistent with the forgoing.
11   DATED October 20, 2011.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -