# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JIMMY DOWNS,

       Plaintiff,

v.

NEVADA TAXICAB AUTHORITY, et al.,

       Defendants.

2:11-CV-453 JCM (PAL)

## ORDER

Presently before the court is the State of Nevada's motion for attorneys fees. (Doc. 40). Plaintiff Jimmy Downs has filed a response (doc. 41), the state has filed a reply (doc. 44), and Downs has filed a sur-reply (doc. 45).

### Background

This action was commenced by plaintiff on March 25, 2011, wherein he filed a complaint against "M Ferriolo" and "Nevada Taxicab Authority" alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. *See* doc. 1. On May 9, 2011, the state filed a motion to dismiss on behalf of the Taxicab Authority. *See* doc. 8. This motion was withdrawn pursuant to plaintiff's filing a first amended complaint. *See* doc. 18. The first amended complaint, filed June 1, 2011, named as defendants "Michael Ferriolo in his individual and official capacity;" "State of Nevada, Nevada Taxicab Authority, an agency of the State of Nevada;" and "Does 1 to 50." *See* doc. 13.

**James C. Mahan**
**U.S. District Judge**

1  On September 7, 2011, the state filed a second motion to dismiss. *See* doc. 28. That motion argued that the State of Nevada and Mr. Ferriolo (in his official capacity) should be dismissed from the suit pursuant to the doctrine of sovereign immunity. Additionally, the motion argued that Mr. Ferriolo (in his individual capacity) should be dismissed pursuant to the doctrine of qualified immunity. This court granted the motion on sovereign immunity grounds, but denied the motion as to Mr. Ferriolo's qualified immunity argument.

The state now moves for attorneys' fees, arguing that it is black letter law that a sovereign cannot be sued for § 1983 violations in federal court. The state argues that any such attempt to do so is legally frivolous, and thus this court should enter an award of attorneys' fees pursuant to 42 U.S.C. § 1988(b).

**Discussion**

A prevailing party in a § 1983 case may move for reasonable attorneys' fees as part of its costs. 42 U.S.C. § 1988(b). A prevailing defendant may recover reasonably attorneys' fees "'in exceptional circumstances'" in which the plaintiff's claims are "'frivolous, unreasonable or without foundation.'" *Harris v. Maricopa Co. Sup. Ct.*, 631 F.3d 963, 971 (9th Cir. 2011) (quoting *Barry v. Fowler*, 902 F.2d 770, 773 (9th Cir. 1990)). "Only fees 'attributable exclusively to plaintiff's frivolous claims,' are recoverable by a defendant." *Id.* (quoting *Tutor-Saliba Corp. v. City of Hailey*, 452 F.3d 1055, 1064 (9th Cir. 2006)). "A defendant must demonstrate that the work for which it asserts that it is entitled to fees would not have been performed but for the inclusion of the frivolous claims in the complaint." *Id.* at 972. Where a defendant fails to shoulder this burden, "it is not entitled to the fees in question." *Id.*

Section 1983 claims against states are legally frivolous. *See Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989), superseded by statute on other grounds as stated in, *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

As argued in the state's second motion to dismiss, and stated by this court's order granting the motion, it is black letter law that sovereigns cannot be sued in federal court, as states are not persons for purposes of § 1983. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  (1997); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997).

However, to be awarded fees, a defendant must show that the fees sought are traceable to the defense of the legally frivolous claims. *See Harris*, 631 F.3d at 971. The state's motion fails to persuade the court that the $14,250 dollars in attorneys' fees it seeks is fully traceable to defending against the inclusion of the state and a state official in this suit. The motion to dismiss was successful in dismissing the legally frivolous claims against the state and Mr. Ferriolo in his official capacity. The motion was denied, however, with regards to dismissing Mr. Ferriolo as an individual on the basis of qualified immunity.

Thus, the legal efforts expended by the state in the motion were not "attributable exclusively to plaintiff's frivolous claims." *See id.* Though plaintiff's inclusion of the state and Mr. Ferriolo as an official of the state may be legally frivolous, his suit is not. Plaintiff prevailed in defending the complaint as against Mr. Ferriolo as an individual and the suit continues to proceed as against Mr. Ferriolo. As such, this court cannot find that the 47.5 hours expended in the litigation were wholly attributable to defending against legally frivolous claims, as it is unclear what portion of those hours were expended in defense of the still viable claims brought against Mr. Ferriolo as an individual.

Put another way, the defendant has not carried its burden of establishing that its attorneys would not have performed the work involved but for the need to defend against the frivolous claims. *See id.* at 972. For example, the hours spent reviewing and researching the complaint, drafting an answer, preparing for and engaging in discovery, preparing the motion, and discussing the incident were not the sole result of the legally frivolous inclusion of the state and Mr. Ferriolo as an official. Rather, an as yet undetermined portion of this time would have still been expended in defense of the claims against Mr. Ferriolo as an individual.

. . .

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 3 -

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the state's motion for attorney's fees (doc. 40) be, and the same hereby is, DENIED.

DATED December 9, 2011.

_____
**UNITED STATES DISTRICT JUDGE**