1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

8

JIMMY DOWNS,                                    2:11-CV-453 JCM (PAL)

9                  Plaintiff,

10   v.

11   NEVADA TAXICAB AUTHORITY, et
12   al.,

13                  Defendants.

14

15                                    **ORDER**

16        Presently, before the court is defendant Michael Ferriolo's motion for summary judgment.

17   (Doc. #54).  Plaintiff Jimmy Downs has filed an opposition (doc. #57) to Ferriolo's motion, as well

18   as a countermotion for summary judgment (doc. #55).  Ferriolo has replied to Downs' opposition

19   (#59) and opposed the countermotion (doc. #60).

20        This case is a civil rights action in which Downs alleges that on November 20, 2009, Ferriolo

21   used excessive force and assaulted, battered, falsely arrested, and intentionally inflicted emotional

22   distress against Downs when he placed Downs under arrest for Downs' alleged obstruction of

23   justice.

24   **I.    Background**

25        Downs is a civilian security officer, employed by the Rio Hotel and Casino.  On November

26   20, 2009, Ferriolo, an officer employed by the Nevada Taxicab Authority approached Downs and

27   requested to speak with another security officer, Joi Gans.  Downs made the relevant inquiries as to

28

**James C. Mahan**
**U.S. District Judge**

1   Gans' whereabouts, and informed Ferriolo that Gans was at lunch and would not arrive to meet him

2   for another 45 minutes.

3           At this point, the parties' stories regarding the incident differ.  Ferriolo
            contends that he requested Downs to contact dispatch to determine when
4           Gans might be back from lunch.  Downs refused to do so and told
            Investigator Ferriolo that Investigator Ferriolo would "just have to wait."
5
            Investigator Ferriolo then informed Downs that Downs could be arrested for
6           obstruction, and again requested Downs to contact dispatch to see when Gans
            would return from lunch.  Down again refused and instructed Ferriolo a
7           second time that he would "have to wait."

8           Investigator Ferriolo then instructed Downs to come down from the security
            podium.  Downs refused to comply with Investigator Ferriolo's directions and
9           told Investigator Ferriolo "No. This is private property."

10          After providing Downs with an opportunity to come down from the security
            podium, Investigator Ferriolo then went behind the security podium in order
11          to take Downs into custody and place handcuffs on him.

12   Def.'s Mot. 4:6-18.

13          Downs recounts the interaction differently.  He states that after being approached by Ferriolo

14   and calling dispatch to learn the whereabouts of Gans, he informed Ferriolo that Gans was at lunch

15   and would be unavailable for 45 minutes. Pl.'s Mot. 2:19-20.  "Ferriolo wouldn't accept that answer

16   and demanded that [Downs] call back to get Gans to the security podium immediately." *Id.* at 2:20-

17   21.  At this point, Downs again informed Ferriolo that "Officer Gans was at lunch and that Ferriolo

18   [w]ould simply have to wait for her to return or come back in 45 minutes." *Id.* at 22-23.  After

19   talking back and forth for approximately 60 seconds,

20          Ferriolo walked around the security booth and reached inside the door of the
            security podium, lifted the inside latch and began jabbing and battering
21          [Downs] by grabbing one of his arms and trying to lift him to his feet so he
            could handcuff him.
22

23   **II.    Discussion**

24          Summary judgment is appropriate when, viewing the facts in the light most favorable to the

25   nonmoving party, there is no genuine issue of material fact, and the moving party is entitled to

26   judgment as a matter of law. *Bagdadi v. Nazar,* 84 F.3d 1194, 1197 (9th Cir. 1996); FED. R. CIV.

27   P. 56(c).  The moving party bears the burden of presenting authenticated evidence to demonstrate

28

**James C. Mahan**
**U.S. District Judge**

1   the absence of any genuine issue of material fact for trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317,

2   323 (1986); *see Orr v. Bank of America*, 285 F.3d 764 (9th Cir. 2002) (articulating the standard for

3   authentication of evidence on a motion for summary judgment).  The Ninth Circuit has held that

4   summary judgment in excessive force cases should be granted sparingly, because such cases often

5   require "a jury to sift through disputed factual contentions, and to draw inferences therefrom" when

6   balancing an individual's liberty interest with the government's interest in the application of force.

7   *See Drummond ex rel. Drummond v. City of Anaheim*, 343 F.3d 1052 (9th Cir. 2003).

8          The record before the court reflects two things.  First, the allegations and defenses in this case

9   present a classic example of the types of cases discussed in *Drummond*, where the jury will have to

10  draw credibility determinations regarding whom and what they will believe.  As such, and in

11  accordance with the guidance provided in *Drummond*, summary judgment is not the best-suited

12  vehicle to accord relief, and should be granted sparingly.

13         More importantly, even if the court were inclined to grant summary judgment on these facts,

14  the record reflects that both parties have failed to authenticate much of the evidence provided to

15  support their motions under the standards set forth in *Orr*.  Pursuant to the Ninth Circuit's holding

16  in *Orr*, consideration of the motion for summary judgment is not proper at this time.

17         Accordingly,

18         IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Ferriolo's motion for

19  summary judgment (doc. #54) be, and the same hereby is, DENIED.

20         IT IS FURTHER ORDERED that Downs's countermotion for summary judgment (doc. #55)

21  be, and the same hereby is, DENIED.

22         DATED June 15, 2012.

23

24  _____

25  UNITED STATES DISTRICT JUDGE

26

27

28

James C. Mahan
U.S. District Judge

- 3 -