UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JIMMY DOWNS,

        Plaintiff,

v.

M. FERRIOLO, et al.,

        Defendants.

2:11-CV-453 JCM (PAL)

**ORDER**

Presently before the court is defendant Michael Ferriolo's ("Ferriolo") motion for stay of order denying motion for summary judgment. (Doc. # 63). There is no response or reply. Defendant filed a notice of appeal. (Doc. # 64).

Also before the court is plaintiff's motion to certify defendant's appeal as frivolous. (Doc. # 67). Defendant filed a response (doc. # 68), and plaintiff filed a reply (doc. # 69).[1]

The issue is whether this court should stay these proceedings so that defendant may appeal his denial of a qualified immunity defense to the appellate court.

**I.    Background**

    *A.    Factual Background*

The parties agree to few facts. Most are disputed. The parties do agree, however, to the following brief recantation: plaintiff is a civilian security guard at the Rio Hotel and Casino; defendant is an officer employed by the Nevada Taxicab Authority; defendant approached plaintiff

---

[1] The court acknowledges plaintiff's notice (doc. # 70) and the contents therein.

**James C. Mahan**
**U.S. District Judge**


while plaintiff was at work; defendant requested to speak with another security officer, Joi Gans; after an exchange between plaintiff and defendant regarding Gans' whereabouts, defendant placed plaintiff in handcuffs; defendant took plaintiff to a security room at the Rio with other Rio security personnel present. Defendant did not arrest plaintiff.

### B. Procedural Background

In plaintiff's amended complaint, he alleged, among other things, a violation of constitutional rights under 42 U.S.C. § 1983. (*See* doc. # 13). Plaintiff filed his causes of action against defendant in his official and individual capacity, the State of Nevada, and Nevada Taxicab Authority. Collectively, the defendants filed a motion to dismiss. (Doc. # 28). The court dismissed all the claims against the State of Nevada, Nevada Taxicab Authority and defendant Ferriolo in his official capacity because of their sovereign immunity. (Doc. # 37).

The causes of action against defendant Ferriolo in his individual capacity survived the motion to dismiss (*Id.*). Ferriolo then filed a motion for summary judgment under a qualified immunity theory. (Doc. # 54).[2]

This court denied the summary judgment on two grounds. (*See* doc. # 61). This court held that (1) "the record reflect[ed] that both parties ha[d] failed to authenticate much of the evidence provided to support their motions under the standards set forth in Orr"[3]; and (2) "the allegations and defenses in this case present a classic example of the types of cases discussed in *Drummond*[4], where the jury will have to draw credibility determinations regarding whom and what they will believe." (*Id.*).

---

[2] Plaintiff filed a countermotion for summary judgment. (Doc. # 55).

[3] The court's order refers to *Orr v. Bank of America*, 285 F.3d 764 (9th Cir. 2002) (articulating the standards for proper authentication of evidence on a motion for summary judgment).

[4] The Ninth Circuit held in *Drummond ex rel. Drummond v. City of Anaheim*, 343 F.3d 1052 (9th Cir. 2003), that summary judgment in excessive force cases should be granted sparingly. The Ninth Circuit reasoned that excessive force cases often require "a jury to sift through disputed factual contentions, and to draw inferences therefrom" when balancing an individual's liberty interest with the government's interest in the application of force. (*See id.*).

Ferriolo now seeks to stay this action so that he may appeal his qualified immunity defense to the appellate court. (*See* doc. # 63). Plaintiff opposes and alleges the appeal is frivolous. (*See* doc. # 67).

**II.    Legal Standard**

This court must address the standards for qualified immunity and when an immediate appeal of a denial of a qualified immunity claim is appropriate.

   *A.    Qualified Immunity*

The two step procedure from *Saucier v. Katz*, 533 U.S. 194 (2991), is no longer a rigid two-step analysis. *See Pearson v. Callahan*, 555 U.S. 223, 227 (2009) ("We now hold that the *Saucier* procedure should not be regarded as an inflexible requirement. . . ."). Even though "the *Saucier* protocol should not be regarded as mandatory in all cases . . . it is often beneficial." *Pearson*, 555 U.S. at 236.

When considering a qualified immunity claim, the court must decide whether the facts alleged or shown show that the officer's conduct violated a constitutional right. *Pearson*, 555 U.S. at 232-36. Additionally, the court must decide whether the right at issue was "clearly established" at the time of the defendant's alleged conduct. *Id.*

   *B.    Stay During Appeal*

Qualified immunity "is an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1995) (emphasis in original). A district court order "deny[ing] a claim of qualified immunity, to the extent it turns on an issue of law, is an appealable final decision." *Mitchell*, 472 U.S. at 529.

"A proper appeal from a denial of qualified immunity automatically divests the district court of jurisdiction to require the appealing defendants to appear for trial." *Chuman v. Wright*, 960 F.2d 104, 405 (9th Cir. 1992). Conversely, "a frivolous or forfeited appeal does not automatically divest the district court of jurisdiction." *Id.* "[A] district court may certify in writing that the appeal is frivolous or waived. Without such certification, the trial is automatically delayed until disposition

1 of the appeal." *Id.*

2 To declare an appeal frivolous, the court must find that it is "wholly without merit." *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1003 n. 3 (9th Cir. 2002). This means that the appeal must be "so baseless that it does not invoke appellate jurisdiction," such as when "the disposition is so plainly correct that nothing can be said on the other side." *Apolstol v. Gallion*, 870 F.2d 1335, 1339 (7th Cir. 1989).

**III.    Discussion**

Plaintiff argues that Ferriolo's appeal of this court's denial of qualified immunity is frivolous for two reasons. First, plaintiff argues that this court relied on the messy and disputed facts as the reason for the denial of qualified immunity. (*See* doc. # 67, at 10-11). Second, plaintiff argues that since the parties did not properly authenticate their evidence supporting their summary judgment motions as required by Orr, then this court did not have competent evidence to consider the motions and neither would the Ninth Circuit. (*See id.*).

Ferriolo counters by arguing that disputed facts alone do not automatically preclude a court from granting summary judgment for qualified immunity claim. (*See* doc. # 68). Ferriolo also argues that the few undisputed facts that were authenticated, namely the video of the incident, permit the appellate court to make a qualified immunity ruling as a matter of law. (*See id.*).

The court agrees with Ferriolo. This court stands by its decision to deny qualified immunity. Nevertheless, this court recognizes that the appellate court could disagree and hold that on the few undisputed and authenticated facts that Ferriolo was entitled to qualified immunity. *See generally Castro v. Milcher*, 760 F.Supp.2d 970, 1002 (D. Hi. 2010) ("This Court also believes that the determination of whether Defendant Bauman is entitled to qualified immunity depends on disputed questions of fact. This Court, however, cannot find that Defendant Bauman's claim of qualified immunity is frivolous."); *Lum v. County of San Joaquin*, No. CIV. S-10-1807, 2012 WL 2090322, at *2-3 (E.D. Cal. June 8, 2012) (refusing to find frivolous an appeal of a denial of a qualified immunity claim at summary judgment even though the resolution of the issue turned largely on a factual dispute).

**James C. Mahan
U.S. District Judge**

- 4 -

Ferroilo's appeal of this court's decision is not frivolous. His appeal is not wholly without merit, although success on appeal is unlikely. He may appeal to the appellate court and argue that the few undisputed, authenticated facts establish qualified immunity under the *Saucier-Pearson* considerations.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion for stay (doc. # 63) be, and the same hereby, is GRANTED.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that plaintiff's petition to certify the appeal as frivolous (doc. # 67) be, and the same hereby, is DENIED.

DATED December 7, 2012.

_____
**UNITED STATES DISTRICT JUDGE**